## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ALTINA POUNCIL, Administrator of the
ESTATE OF WILLIE SUE CLAY,

                Plaintiff,                        CIVIL ACTION

                                                  Case No. 10-1314-JTM-DJW

v.

BRANCH LAW FIRM,
et al.,

                Defendants.

### MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Compel Defendants to Fully Comply With Requests for Production (ECF No. 38).  Plaintiff requests an order, pursuant to Fed. R. Civ. P. 37(a), compelling Defendants to produce the letter dated January 21, 2010 from Defendant Turner Branch to Colony Insurance and the letter from Mr. Branch to Ms. Ferrera dated August 31, 2009 that Defendants withheld based on the work product doctrine.  As explained below, the motion is granted in part and denied in part.

### I.      BACKGROUND

Plaintiff Altina Pouncil, Administrator of the Estate of Willie Sue Clay ("Estate"), filed suit against Defendants Turner Branch and the Branch Law Firm.  In the suit, Plaintiff asserted three claims against the Defendants: (1) legal malpractice; (2) negligence; and (3) breach of fiduciary duty.  After Willie Sue Clay died while taking the pharmaceutical drug Vioxx, Pouncil retained Defendants to represent the Estate in its claim against the drug manufacturer, Merck & Co., Inc.  The Estate's claim against Merck ended when the Estate was barred from recovery under the Vioxx

settlement agreement because the injury claims asserted failed to meet the eligibility requirements. Plaintiff's claims against the Defendants arise from the events surrounding the Estate's failed claim against Merck.

Plaintiff filed this action on September 15, 2010. On December 22, 2010, Plaintiff served her First Requests for Production on Defendants. Defendants served their responses on March 23, 2011, objecting to a number of the Requests on the basis that the documents requested were protected by the attorney-client privilege or work product doctrine. On April 19, 2011, Defendants served Plaintiff with their one-page privilege log. Relevant to the instant motion, Defendants identified the range of documents Bates numbered BLF01031-BLF01064 as correspondence regarding Plaintiff's malpractice claim and protected by the work product doctrine.

In the present motion, Plaintiff asserts that two of the letters listed in Defendants' privilege log are not protected by the work product doctrine. The first disputed letter, dated January 21, 2010, is from Mr. Branch to Colony Insurance notifying Colony Insurance of Plaintiff's claim against the Defendants. The second disputed letter is dated August 31, 2009 and was written by Mr. Branch to Ms. Ferrera of the New Mexico Disciplinary Board. The parties have resolved their dispute as to the seven other documents attached to the letter from Mr. Branch to Colony Insurance. Defendants have refused to produce the two letters, resulting in Plaintiff filing this motion to compel. On October 3, 2011, the Court ordered Defendants to produce the two letters for an *in camera* review to help resolve this issue (ECF No. 90). On October 17, 2011, the letters were hand delivered to the Court. The Court has reviewed the two letters at issue and is now prepared to rule on the motion.

## II.    PARTIES' ARGUMENTS

Plaintiff makes two arguments in response to Defendants' claim that the letters are protected by the work product doctrine.  First, Plaintiff asserts that the work product doctrine does not apply to either letter because neither letter was prepared under the supervision of attorney.  Second, Plaintiff asserts that the work product doctrine does not apply to the letter from Mr. Branch to Ms. Ferrera because it was not written in anticipation of litigation.

Defendants argue that the work product doctrine protects not only those documents prepared under the supervision of an attorney but also those documents prepared by the party.  In addition, Defendants assert that the letter from Mr. Branch to Ms. Ferrera is protected by work product doctrine because Mr. Branch was responding to a complaint made by the same plaintiff and involving the same issue that forms the basis of this suit.

## III.    APPLICABLE LAW REGARDING WORK PRODUCT DOCTRINE

The work product doctrine, first established in *Hickman v. Taylor*,[1] and later set forth in Fed. R. Civ. P. 26(b)(3), protects from discovery all documents and materials prepared by an attorney, a party, or an agent of either, in anticipation of litigation.  To establish work product protection, the party seeking to invoke work product immunity must show that (1) the materials sought to be protected are documents or tangible things; (2) they were prepared in anticipation of litigation or for trial; and (3) they were prepared by or for a party or a representative of that party.[2]  The party seeking to invoke work product immunity has the burden to establish all elements of the immunity

---

[1]329 U.S. 495 (1947).

[2]*U.S. Fire Ins. Co. v. Bunge N. Am., Inc.*, 247 F.R.D. 656,  657 (D. Kan. 2007); Fed. R. Civ. P. 26(b)(3)(A).

and this burden can be met only by an evidentiary showing based on competent evidence.[3]  To carry

that burden, the objecting party must make a "clear showing" that the asserted objection applies.[4]

In determining whether documents were created in anticipation of litigation or for trial, a

two-part inquiry must be conducted.  First, the court examines the party's primary motivating

purpose for creating the document.[5]  As the advisory committee notes to Rule 26 point out,

"[m]aterials assembled in the ordinary course of business, or pursuant to public requirements

unrelated to litigation, or for other nonlitigation purposes" are not protected.[6]  Even if a general

prospect of litigation exists, a document is not protected by work product immunity if the document

was prepared merely in the regular course of business.[7]  The court generally needs more than mere

assertions by the party resisting discovery that documents or other tangible items were created in

anticipation of litigation.[8]  As explained in *Presbyterian Manors, Inc. v. Simplexgrinnell, L.P.*, the

party seeking the protection must "establish the underlying nexus between the preparation of the

---

[3]*McCoo v. Denny's Inc.*, 192 F.R.D. 675, 683 (D. Kan. 2000).

[4]*McCoo*, 192 F.R.D. at 683; *Ali v. Douglas Cable Commc'ns, Ltd. P'ship*, 890 F. Supp. 993, 994 (D. Kan. 1995).

[5]*Heavin v. Owens-Corning Fiberglass*, No. 02-2572-KHV-DJW, 2004 WL 316072, at *5 (D. Kan. Feb. 3, 2004); *Marten v. Yellow Freight Sys., Inc*., No. 96-2013-GTV, 1998 WL 13244 (D. Kan. Jan. 6, 1998).

[6]Fed. R. Civ. P. 26(b) advisory committee note (1970 amendment).

[7]*Burton v. R.J. Reynolds Tobacco Co.*, 177 F.R.D. 491, 498 (D. Kan. 1997) (citing 8 Charles A. Wright, Arthur R. Miller, Mary Kay Kane & Richard Marcus, *Federal Practice and Procedure* § 2024 (1994)).

[8]*Marten,* 1998 WL 13244 at *10.

4

document and the specific litigation."[9]   The second part of the inquiry involves looking at "reasonableness" of the party's anticipation of litigation.[10]  For the doctrine to apply, there must be a real and substantial probability that litigation will occur at the time the documents were created.[11]  The party must show that the threat of litigation was real and imminent; the mere possibility of litigation is insufficient to meet the burden.

Although most often the work product doctrine is applied to documents created by an attorney or under the supervision of an attorney, the plain language of Fed. R. Civ. P. 26(b)(3) does not require attorney supervision.[12]  Rule 26(b)(3) prevents the requesting party from discovering those documents created for trial "by or for another party or its representative."  The Court in *Gold Standard, Inc. v. American Barricks Resources, Corp.* reasoned that attorney involvement in creating the documents should merely be one factor that courts consider in determining whether the document was created in anticipation of litigation.[13]

Finally, even if the party asserting the work-product protection establishes entitlement to the protection, Fed. R. Civ. P. 26(b)(3)(A) allows discovery if "(i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means."[14]  The

---

[9]*Presbyterian Manors, Inc. v. Simplexgrinnell, L.P.*, No. 09-2656-KHV, 2010 WL 3880027, at *6 (D. Kan. Sept. 28, 2010).

[10]*Id.* at *5.

[11]*Bunge*, 247 F.R.D. at 658 (quoting *Marten*, 1998 WL 13244, at *10).

[12]*Gold Standard, Inc. v. Am. Barrick Res. Corp.,* 805 P.2d 164, 169 (Utah 1990).

[13]*Id.* at 169.

[14]Fed. R. Civ. P. 26(b)(3)(A)(i)-(ii).

party attempting to pierce the work product protection by relying on the necessity exception bears

the burden of proof and persuasion.[15]  To justify disclosure, that party must show the importance of

the information to the preparation of its case and the difficulty it will face in obtaining substantially

equivalent information from other sources if production is denied.[16]  The court has broad discretion

to determine whether the requisite showing has been made.[17]

## IV.      SPECIFIC DOCUMENTS AT ISSUE

In the Motion to Compel, Plaintiff seeks two letters written by Mr. Branch.  Defendants

assert that both letters are protected by the work product doctrine.  As the party asserting the work

product, Defendants have the burden of establishing all three elements of the burden.[18]  Because

there is no dispute that the letters are documents, the Court addresses only whether the documents

were prepared in anticipation of litigation and whether the work product doctrine requires attorney

supervision.

### A.      Document 1: Letter from Mr. Branch to Insurance Carrier

Plaintiff seeks the document identified by Defendants as a letter from Mr. Branch to Colony

Insurance dated January 21, 2010 (BLF01031-BLF01032).  After an *in camera* review of the letter,

the Court finds that Defendants have met the necessary burden to establish protection under the work

product doctrine. The first inquiry is whether the letter was drafted in anticipation of litigation.  In

conducting that inquiry, the Court looks both at the primary purpose for the drafting the letter and

_____

[15]*McCoo*, 192 F.R.D. at 684.

[16]*Id.*

[17]*Id.* (citing *In re San Juan Dupont Plaza Hotel Fire Litig.,* 859 F.2d 1007, 1019, 1021 (1st Cir. 1988)).

[18]*Id.* at 683.

whether the anticipation of litigation was reasonable.  Defendant Branch sent the letter to Colony Insurance after receiving Plaintiff's letter that included a deadline to settle the claim.  After conducting an *in camera* review, the Court finds that an "underlying nexus" does exist between the Mr. Branch's letter to Colony and anticipation of litigation.  Although a claim had not been filed at the time Mr. Branch sent the letter, the Court must also look at the "reasonableness" of the party's anticipation of litigation.  Given the impending deadline to settle imposed by the Plaintiff, Defendants could reasonably anticipate litigation in the event that the parties did not settle.  The Court finds sufficient evidence exists that the document was drafted in anticipation of litigation.

The next inquiry is whether the document was drafted by someone who would be protected under Fed. R. Civ. P. 26(b)(3).  Defendants argue that the plain language of Fed .R. Civ. P. 26(b)(3) does not require attorney supervision and protects documents created by the party.  In support of its argument that the work product doctrine requires attorney supervision, Plaintiff relies upon the discussion in *United States Fire Ins. Co. v. . Bunge North America, Inc.*[19]  Defendants argue the facts of *Bunge* are distinguishable because the document in *Bunge* was created by a insurance claims representative, and the Court agrees.  Furthermore, the work product issue in *Bunge* turned on whether the document, created by the claims representative, had been done in anticipation of trial.[20] The language of Fed. R. Civ. P. 26(b)(3)(A) expressly protects from discovery "documents . . . prepared in anticipation of litigation . . . by . . . another party."  Because the Defendants have met the burden required to establish privilege under the work product doctrine, Plaintiff's motion to

---

[19]247 F.R.D. 656, 657 (D. Kan. 2007).

[20]*United States Fire Ins. Co. v. Bunge North America, Inc.*, 247 F.R.D. 656, 657 (D. Kan. 2007).

compel production of the letter from Mr. Branch to Colony Insurance is denied.

**B.     Document 2: Letter from Mr. Branch to Disciplinary Board**

Plaintiff also seeks the document identified by Defendants as a letter from Mr. Branch to Ms. Ferrera of the New Mexico Disciplinary Board dated August 31, 2009 (BLF01058-BLF01064). Defendants also assert that the work product doctrine protects the letter from Mr. Branch to Ms. Ferrera.  Defendants argue that the letter from Mr. Branch to Ms. Ferrera was also in anticipation of litigation because the letter to Ms. Ferrera involves the same parties, facts, and issues as in this case.  Defendants reassert that the work product doctrine does not require attorney supervision over the creation of the document.

Although the second element is disputed by Plaintiff, the Court finds that documents created by a party can be protected by the work product doctrine for the reasons previously stated above. While two of the three elements of the burden are met, the Court finds that the Defendant has failed to establish that the letter from Mr. Branch to Ms. Ferrera was created in anticipation of litigation. The first step of the inquiry is to look at the primary purpose for creating the document.  In this instance, the letter was written in response to a complaint filed with the New Mexico Disciplinary Board.  Although the Disciplinary complaint and this case are based upon the same underlying facts, the motivation for creation of the disputed document was to respond to a request for information from the disciplinary board.  Mr. Branch created the document for a non-ligation purpose. In addition, Defendants fail to establish that the threat of litigation was imminent as required by the second step of the inquiry.[21]  The letter was prepared five months before Mr. Branch obtained an

---

[21]*See id.* at 658 (quoting *Marten v. Yellow Freight Sys., Inc.*, No. 96-2013-GTV, 1998 WL 13244, at *10 (D. Kan. Jan. 6, 1998)).

attorney to represent his interests in this matter.   Although the filing of a complaint with the Disciplinary Board might reasonably be expected to be the precursor to a malpractice claim, the work product doctrine requires more than a mere possibility of litigation.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Defendants to Fully Comply With Requests for Production (ECF No. 38) is granted in part and denied in part.  Plaintiff's request to compel production of Mr. Branch's letter to Ms. Ferrera (BLF01058-BLF01064) is granted.  Defendants shall produce Mr. Branch's letter to Ms. Ferrera (BLF01058-BLF01064) **within seven (7) days of the date of this Memorandum and Order.**  Plaintiff's request to compel production of Mr. Branch's letter to Colony Insurance (BLF01031-BLF01032) is denied.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 21st day of October 2011.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge


cc:     All counsel and *pro se* parties