**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

ALTINA POUNCIL, Administrator of the
ESTATE OF WILLIE SUE CLAY,

        Plaintiff,                          CIVIL ACTION

                                                         Case No. 10-1314-JTM-DJW

v.

BRANCH LAW FIRM,
et al.,

        Defendants.

**<u>MEMORANDUM AND ORDER</u>**

Plaintiff has filed a Motion for Leave to Amend Complaint (ECF No. 86) under Fed. R. Civ. P. 15(a)(2). She requests leave to amend her complaint to include a claim for punitive damages. She asserts that during recent depositions she learned of additional information that demonstrates that Defendants' conduct was not only negligent, but was also willful, wanton, fraudulent or malicious. Defendants oppose the motion as untimely because the Scheduling Order deadline for filing motions to amend the pleadings expired on March 28, 2011, and the motion was filed almost six months later on September 16, 2011. As set forth below, the Court finds that Plaintiff has sufficiently shown that her late request to amend is justified by new information learned at the recent depositions. The motion is granted.

**I.    Background**

Plaintiff Altina Pouncil, Administrator of the Estate of Willie Sue Clay ("Estate"), filed suit against Defendants Turner Branch and the Branch Law Firm, asserting claims for legal malpractice, negligence, and breach of fiduciary duty. After Willie Sue Clay died while taking the pharmaceutical drug Vioxx, Pouncil retained Defendants to represent the Estate in its claim against

the drug manufacturer, Merck & Co., Inc. The Estate's claim against Merck ended when the Estate was barred from recovery under the Vioxx settlement agreement because the injury claims asserted failed to meet the eligibility requirements. Plaintiff's claims against the Defendants arise from the events surrounding the Estate's failed claim against Merck.

## II. Legal Standard Applicable to Motions for Leave to Amend Filed After the Scheduling Order Deadline

When the deadline for amending pleadings set in the scheduling order has passed, as is the case here, Federal Rule of Civil Procedure 16(b)(4) is implicated.[1] Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent."[2] Although the Tenth Circuit has declined to decide whether a party seeking to amend its pleadings after the scheduling order deadline must show "good cause" for the amendment under Rule 16(b)(4) in addition to satisfying Rule 15(a),[3] courts in this District have consistently applied a two-step analysis based on both Rule 16(b) and Rule 15(a) when deciding a motion to amend a complaint filed after the scheduling order deadline.[4] Thus, when a motion to amend is filed after the scheduling order

---

[1] *Carefusion 213, LLC v. Prof. Disposables, Inc.*, No. 09-2616-KHV-DJW, 2010 WL 4004874, at *3-4 (D. Kan. Oct. 12, 2010).

[2] Fed. R. Civ. P. 16(b)(4). In addition, the Scheduling Order in this case states that the schedule "shall not be modified except by leave of court upon a showing of good cause." ECF No. 12 at 9.

[3] *See Bylin v. Billings,* 568 F.3d 1224, 1231 (10th Cir. 2009) (declining to decide whether district court erred by failing analyze motion to amend under Rule 16 good cause standard, but recognizing that "most circuits" have held that Rule 16's good cause standard applies when a party amends after the scheduling order deadline); *U.S. ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) ("This court has not yet considered whether Rule 16(b)(4) must be met when motions to amend pleadings would necessitate a corresponding amendment of scheduling orders.").

[4] *See, e.g., Capital Solutions, LLC v. Konica Minolta Bus. Solutions U.S.A., Inc.*, No. 08-2027-JWL-DJW, 2009 WL 1635894, at *3 (D. Kan. June 11, 2009) (expressly noting that this Court

deadline, this Court will first determine whether the moving party has established "good cause" within the meaning of Rule 16(b)(4) so as to justify allowing the untimely motion. Only after determining that good cause has been established will the Court proceed to determine if the more liberal Rule 15(a) standard for amendment has been satisfied.[5]

To establish good cause under Rule 16(b)(4), "the moving party must show that the amendment deadline could not have been met even if it had acted with due diligence."[6] "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."[7] Furthermore, the lack of prejudice to the nonmovant does not show good cause.[8]

---

continues to apply the two-step analysis based on Rule 16(b) and Rule 15(a) when a motion to amend is filed past the scheduling order deadline); *Miller v. Union Pac. R.R.,* No. 06-2399-JAR-DJW, 2008 WL 4271906, at *2 (D. Kan. Sept. 12, 2008) (same); *Wilson v. Wal-Mart Stores, Inc.,* No. 07-2263-JWL, 2008 WL 2622895, at *2-3 (D. Kan. June 30, 2008) (recognizing that "[c]ourts in this District apply the standards set forth in Federal Rules of Civil Procedure 15(a) and 16(b) when the motion to amend a complaint is filed after the scheduling deadline," and denying motion to amend where plaintiff failed to show good cause for filing motion to amend seven months after the amendment deadline); *Boatright v. Larned State Hosp.*, No. 05-3183-JAR, 2007 WL 2693674, at *5 (D. Kan. Sept. 10, 2007) ("[C]ourts in the District of Kansas have routinely held that when considering a motion to amend filed after the deadline established in a scheduling order, the court must determine whether 'good cause' within the meaning of Fed. R. Civ. P. 16(b) has been sufficiently demonstrated to justify allowing the untimely motion and if the Fed. R. Civ. P. 15(a) standards have been satisfied.") (internal quotations and citations omitted).

[5]*See Capital Solutions*, 2009 WL 1635894, at *3 (recognizing the Rule 15(a) standard as more lenient than the "good cause" standard of Rule 16(b)); *Boatright*, 2007 WL 2693674, at *6 (same).

[6]*Capital Solutions*, 2009 WL 1635894, at *4; *accord Boatright,* 2007 WL 2693674, at *5; *Lone Star Steakhouse & Saloon, Inc. v. Liberty Mut. Ins. Grp.*, No. 02-1185-WEB, 2003 WL 21659663, at *2 ((D. Kan. Mar. 13, 2003) (party moving to amend after the scheduling order deadline "must show that despite due diligence it could not have reasonably met the scheduled deadlines.").

[7]*Lone Star Steakhouse*, 2003 WL 21659663, at *2 (quoting *Johnson* v. *Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992)).

[8]*Id.*

3

**III.    Analysis**

    **A.    Good Cause under Rule 16(b)(4)**

Defendants argue that Plaintiff was or should have been aware of most, if not all, the facts supporting her proposed claim for punitive damages. In her reply, Plaintiff concedes that she possessed the documents necessary to reveal Defendants' alleged errors that resulted in the denial of the Vioxx settlement claim. But it was not until she deposed Defendants and their current and former employees in July 2011, after the deadline for amending had expired, that she discovered certain facts indicating that Defendants' representation of Plaintiff was not just negligent but was so egregious that it was also wanton. Plaintiff asserts that it is these newly discovered facts which form the basis of her motion to amend.

The Court finds that Plaintiff's failure to move to amend her complaint prior to the Scheduling Order deadline did not constitute a lack of diligence under the Rule 16(b) standard. Plaintiff did not become aware of the factual basis to bring her proposed claim for punitive damages until she deposed Defendants and their former and current employees on July 12 through July 15, 2011. A review of the deposition testimony referenced by Plaintiff in her motion further supports her assertion that the depositions revealed new information that would support her claim for punitive damages. The Court finds that Plaintiff has established "good cause" under Rule 16(b)(4) to allow her proposed amendment out of time.

    **B.    Rule 15 Standard**

A party seeking to amend under Federal Rule of Civil Procedure 15(a)(2) may amend its pleading "only with the opposing party's written consent or the court's leave." The Rule instructs

that "[t]he court should freely give leave when justice so requires."[9]  "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[10] The court's decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion and will not be disturbed absent an abuse of that discretion.[11]

In addition to arguing that the motion is untimely, Defendants also argue that Plaintiff's motion should be denied based upon futility of amendment, prejudice, and bad faith by Plaintiff. They argue it would be futile for the Court to grant Plaintiff leave to include a claim for punitive damages because the tortured construct of the facts presented by Plaintiff do not support a suggestion of willful, wanton, fraudulent, and malicious behavior by Defendants.  They point out that they would not recover a fee for their service unless Plaintiff's claim was accepted.

A claim is only futile if Plaintiff can prove no set of facts in support of her claim which would entitle her to relief.[12]  The issue in resolving a motion to dismiss on the grounds that the complaint fails to state a claim is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims."[13]  Here, Plaintiff has presented enough

---

[9] Fed. R. Civ. P. 15(a)(2).

[10] *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citing *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993)).

[11] *Woolsey*, 934 F.2d at 1462 (citations omitted).

[12] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 577 (2007) (articulating "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.").

[13] *Raytheon Aircraft Co. v. U.S.*, 501 F. Supp. 2d 1323, 1327 (D. Kan. 2007).

factual allegations to plead a claim for punitive damages.

The Court further finds that Defendants will not be *unduly* prejudiced by the amendment. Defendants, as the parties opposing the amendment, have the burden to show undue prejudice within the meaning of Rule 15.[14] For purposes of Rule 15, "undue prejudice" means "undue difficulty in prosecuting or defending a lawsuit as a result of a change of tactics or theories on the part of the movant."[15] While any amendment invariably causes some "practical prejudice," undue prejudice means that the amendment "would work an injustice to the defendants."[16] The Tenth Circuit has found that undue prejudice often "occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues."[17] In this case, the proposed amendment does not arise out of a different subject matter or raise significant new factual issues. While allowing the late amendment will cause some prejudice to Defendants, it can largely be eliminated by extending some of the case deadlines.

Finally, Defendants have not presented any evidence of bad faith by Plaintiff in filing her motion to amend. She has explained that she did not learn all of the facts upon which her motion is based until she deposed Defendants and their employees in July 2011. Accordingly, Defendants have not shown any grounds that would justify denial of Plaintiff's motion leave to amend.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Amend Complaint

---

[14] *Rural Water Dist. No. 4, Douglas Cnty. v. City of Eudora, Kan.*, No. 07-2463-JAR-DJW, 2008 WL 1867984, at *3 (D. Kan. Apr. 24, 2008); *Acker v. Burlington N. & Santa Fe Ry. Co.*, 215 F.R.D. 645, 654 (D. Kan. 2003); *Schmitt v. Beverly Health & Rehab. Servs. Inc.*, 993 F. Supp. 1354, 1365 (D. Kan. 1998).

[15] *Carefushion,* 2010 WL 4004874, at *4.

[16] *Id.*

[17] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006).

(ECF No. 86) is granted.  Plaintiff shall electronically file her proposed First Amended Complaint forthwith.

**IT IS FURTHER ORDERED THAT** the November 22, 2011 Final Pretrial Conference is converted to a telephone status conference.  The Court will initiate the conference call.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 21st day of November 2011.

s/<u>David J. Waxse</u>  
David J. Waxse  
U.S. Magistrate Judge
