IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


ALTINA POUNCIL, ADMINISTRATOR OF THE ESTATE
OF WILLIE SUE CLAY,

        Plaintiff,


        vs.                    Case No. 10-1314-JTM


BRANCH LAW FIRM, ET AL.,

        Defendants.


MEMORANDUM AND ORDER


This matter is before the court on the Motion to Bifurcate of the defendants, which seeks to have the liability and amount of punitive damages be determined by the jury in separate proceedings. (Dkt. 117). The defendants sought this relief after the plaintiff filed, with leave of the court, her First Amended Complaint on November 22, 2011, which raised a claim for punitive damages.

The defendants' motion notes that Kansas law contemplates that, if the jury determines a defendant is liable for punitive damages, "a separate proceeding shall be conducted by the court to determine the amount of such damages." K.S.A. § 60-3702(a). However, this court has determined that requiring the court determine the amount of punitive damages violates the plaintiff's Seventh Amendment rights. *Capital Solutions v. Konica Minolta Business Solutions USA*, 695 F.Supp.2d 1149, 1155-56 (D. Kan. 2010).  Even if the court cannot determine the amount of damages in light of *Capital Solutions*, the defendants argue, the court should still give deference to the preference reflected in Kansas law for the amount of damages being determined by a successive proceeding,

albeit by a jury. The defendants note that legislation has been introduced to achieve precisely this end. *See* Kansas Senate Bill 158.

The plaintiff opposes the request for a separate proceeding, noting both an absence of authority for the procedure and that the court should not attempt to define the rights of the parties on the basis of potential legislation. (Dkt. 120, at 3-4). However, the focus of the plaintiff's response centers on the defendants' apparent attempt to defer any additional discovery on amount of punitive damages until the jury first determines the defendants are liable for such damages.[1]

The court hereby denies without prejudice the defendants' Motion to Bifurcate. Should the Kansas legislature indeed adopt some version of Senate Bill 158 prior to the trial of this matter, the defendants may then renew their motion.

Further, whether the action is ultimately bifurcated or not, the court notes that defendants have failed to offer any substantial justification for delaying discovery relevant to the amount of punitive damages. In contrast, delaying discovery would work a clear and substantial inconvenience to the parties, counsel, the court, and the jury in interposing the delay of several months between the first trial and the final resolution of the action.

---

[1] The defendants make precisely this argument in their Motion to Stay Discovery (Dkt. 130), now before the United States Magistrate Judge. The defendants seek to stay discovery as to their financial information given that "it is more likely than not that the district judge could find that punitive damages discovery should not be conducted until after Defendants are first found liable for punitive damages" (*Id*. at 3).

IT IS ACCORDINGLY ORDERED this 12th day of March, 2012, that the defendants'
Motion to Bifurcate (Dkt. 117) is hereby denied.

 s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE